IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KIM ELLIOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-cv-0609-MJR-SCW |
| | ) | |
| JARED PRICE, | ) | |
| BRIAN SIEFFERMAN, | ) | |
| ERIN ROE, | ) | |
| CITY OF MT. CARMEL, ILLINOIS, | ) | |
| WABASH COUNTY ILLINOIS | ) | |
| SHERIFF's DEPARTMENT, and | ) | |
| UNIDENTIFIED OFFICERS of | ) | |
| WABASH COUNTY ILLINOIS | ) | |
| SHERIFF's DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

A.      Introduction and Procedural History

On June 25, 2010, Kim Elliot filed suit in the Circuit Court of Wabash County, Illinois against the City of Mt. Carmel, Illinois ("the City"), three officers of the Mt. Carmel Police Department (Jared Price, Brian Siefferman, and Erin Roe), the Wabash County Illinois Sheriff's Department, and "Unidentified Officers of the Wabash County, Illinois Sheriff's Department."  The complaint alleges that on May 14, 2009, Mt. Carmel Police Department officers entered Kim Elliot's home, that Jared Price used excessive force in restraining Elliot (thereby fracturing her arm), that Siefferman and Roe failed to prevent Price's unjustified use of force, that the police officers did not offer

medical attention to Elliot on the scene, and that she was denied medical attention after being taken to Wabash County Jail, where she complained of severe pain to unidentified officers of the Wabash County Sheriff's Department.

Organized into eight counts based on 42 U.S.C. § 1983 and Illinois law, the complaint presents the following claims, all arising from the May 14, 2009 events.

◊ **COUNT I** – Against Jared Price, Brian Siefferman, Erin Roe and Unidentified Officers of the Wabash County Sheriff's Department, § 1983 claims for excessive use of force and deliberate indifference to medical needs;

◊ **COUNT II** – Against Jared Price for battery;

◊ **COUNT III**–Against Jared Price for assault;

◊ **COUNT IV** – Against Jared Price for intentional infliction of emotional distress;

◊ **COUNT V**–Against the City, a *respondeat superior* claim under § 1983 for the police officers' acts committed during their employment with the City, seeking to hold the City "liable for the conduct of its agents" (Doc. 2-2, p. 9);

◊ **COUNT VI**–Against the City, a claim for "indemnification," seeking compensatory damages from the City for the constitutional violations by Price, Siefferman and Roe during the course of their employment via an Illinois statute (735 ILCS 10/9-102)[1];

◊ **COUNT VII**– Against the Wabash County Sheriff's Department, a *respondeat superior* claim under § 1983 for the acts of the Unidentified Officers of the Wabash County Sheriff's Department (presumably this relates to the denial of medical care to Elliot, although the caption of this count refers only to "excessive force"); and

---

[1]    This count is captioned as a § 1983 claim but appears to be based on the Illinois indemnification statute and only references § 1983 as to the underlying claims for which indemnification is sought.  Additionally, "735 ILCS" appears to be a typographical error throughout the complaint. "745 ILCS" likely was intended.

◊    **COUNT VIII** – Against the Wabash County Sheriff's Department, a claim for "indemnification," seeking compensatory damages from the Department for the actions of the Unidentified Officers of the Wabash County Sheriff's Department during their employment via 735 ILCS 10/9-102.

On August 12, 2011, four Defendants – the City of Mt. Carmel along with Mt. Carmel Police Officers Price, Siefferman and Roe (collectively, "the Mt. Carmel Defendants") – removed the action to this United States District Court. Randomly assigned to the case, the undersigned District Judge verified the existence of federal subject matter jurisdiction (which lies under 28 U.S.C. § 1331), tracked the case, and scheduled a November 2011 final pretrial conference and jury trial date. The Magistrate Judge assigned to the case entered a Scheduling and Discovery Order soon thereafter (see Doc. 14), and defense counsel entered.

The Wabash County Sheriff's Department filed an answer with affirmative defenses on September 21, 2010 (Doc. 16). After an unfruitful attempt to strike the affirmative defenses, Plaintiff Elliot answered the affirmative defenses on November 24, 2010 (Docs. 26-27). The Mt. Carmel Defendants obtained additional time and timely answered on October 1, 2010 (Doc. 19).

The Wabash County Sheriff's Department moved for judgment on the pleadings as to three counts of the complaint on June 6, 2011 (Doc. 33). Supporting and opposing briefs have been filed as to that motion. The Mt. Carmel Defendants filed a summary judgment motion on July 22, 2011 (Doc. 37), and a briefing schedule has been entered on that motion. The docket sheet reflects no service on or entry of appearance

by the final named Defendant(s) – the Unidentified Officers of the Wabash County Illinois Sheriff's Department.

Fully ripe as of August 1, 1011, the motion for judgment on the pleadings comes now before the Court for disposition.  For the reasons stated below, the Court grants the motion (Doc. 33).

B.     Applicable Legal Standards

Rule 12(c) permits a party to move for judgment "after the pleadings are closed – but early enough not to delay trial." In deciding a motion for judgment on the pleadings, the court "views the facts in the complaint in the light most favorable to the nonmoving party." *Buchanan-Moore v. County of Milwaukee*, **570 F.3d 824, 827 (7th Cir. 2009).** *Accord Pisciotta v. Old National Bancorp*, **499 F.3d 629, 633 (7th Cir. 2007)("We take the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff.").**  *See also Thomas v. Guardsmark, Inc.*, **381 F.3d 701, 704 (7th Cir. 2004);** *GATX Leasing Corp. v. National Union Fire Ins. Co.*, **64 F.3d 1112, 1114 (7th Cir. 1995).**

In other words, the same standard governs Rule 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss for failure to state a claim.  *United States v. Wood*, **925 F.2d 1580, 1581 (7th Cir. 1991).**The motions are just made at different points in the litigation.[2]

---

[2]     Another distinction is that affirmative defenses may be resolved via Rule 12(c) motions and typically *cannot* be resolved via Rule 12(b)(6) dismissal.  *See Bausch v. Stryker Corp.*, **630 F.3d 546, 561 (7th Cir. 2010),** *citing Doe v. GTE Corp.*, **347 F.3d 655, 657 (7th Cir. 2003).**  *See also Carr v. Tillery*, **591 F.3d 909, 912-13 (7th Cir. 2010).**

So this Court applies the approach established in *Ashcroft v. Iqbal*, **-- U.S. --, 129 S. Ct. 1937, 1949 (2009),** and *Bell Atlantic Corp. v. Twombly*, **550 U.S. 544, 570 (2007).** As with Rule 12(b)(6) motions, to survive a Rule 12(c) motion, the complaint must allege sufficient facts which – accepted as true – state a claim to relief that is facially plausible. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bausch*, **630 F.3d at 558,** *quoting Twombly*, **550 U.S. at 570.**

However, if matters "outside the pleadings" are presented to and considered by the court on a motion for judgment on the pleadings, the motion "must be treated as one for summary judgment," and all parties must be given a reasonable opportunity to present pertinent materials. Fed. R. Civ. P. 12(d). *See also General Ins. Co. of America v. Clark Mall Corp.*, **-- F.3d --, 2011 WL 1663374 (7th Cir. May 4, 2011).**

Thus, on a typical motion for judgment on the pleadings, the "court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits." *Housing Authority Risk Retention Group, Inc. v. Chicago Housing Authority*, **378 F.3d 596, 600 (7th Cir. 2004).** *See also Thompson v. Illinois Dept. of Professional Regulation*, **300 F.3d 750, 753 (7th Cir. 2002);** Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 10(c).

Mindful of these standards and confining its analysis to the "pleadings," the undersigned Judge reviews the June 6, 2011 motion, plus the supporting and opposing memoranda (Docs. 33, 34, 36, 39).

C.    Analysis

The Wabash County Sheriff's Department moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to three counts – Counts I, VII and VIII.   An initial point bears mention here.  These three counts are directed against both the Wabash County Sheriff's Department and the "Unidentified Officers of the Wabash County Sheriff's Department."

No one has been served, no one has answered, and no one has appeared for the Unidentified Officers. The Sheriff's Department answered on September 21, 2010, and interposed a Second Affirmative Defense (Doc. 16, p. 7) stating: "Wabash County Sheriff's Department is a non-suable entity." The motion for judgment on the pleadings was filed not by any named Defendant but by *the Sheriff* of Wabash County (Joe Keeling), *on behalf of the Sheriff's Department*.

There is no motion by Defendants to dismiss the Department as improperly sued.  There is no motion to substitute Sheriff Keeling for the Department. The motion for judgment on the pleadings states in passing that Keeling was incorrectly sued as the Wabash County Sheriff's Department and that Sheriff Keeling is the correct Defendant (Doc. 33, p. 1).  The supporting memo contains a footnote (Doc. 34, p. 1, n. 1) which similarly declares:  "Since the Wabash County Sheriff's Department does not enjoy a separate legal existence apart from that of Sheriff Keeling, it is not an entity subject to suit."  Plaintiff's counsel flatly disputes this statement, citing one case for the proposition that sheriff's departments *may* be sued under § 1983 (Doc. 36, pp. 2-3, ***citing DeGenova v. Sheriff of DuPage County*, 209 F.3d 973 (7th Cir. 2000)**).

Defendants do not seek judgment on this ground, and (as is described below) the Court need not resolve the issue to decide the motion before it. The undersigned Judge notes the following, however.

*DeGenova* supports Plaintiff's assertion that, "**Sheriffs** in Illinois are distinct legal entities and may be sued under § 1983" (Doc. 36, p. 3, emphasis added). But in equating *sheriffs* to *sheriffs' departments,* Plaintiff misses the heart of Defendants' argument. Defendants do not dispute that *sheriffs* can be sued. This is precisely why Sheriff Keeling filed pleadings on behalf of the Sheriff's Department. He claims he, as Sheriff, *is* the proper Defendant (not the Department, whom Plaintiff named in the complaint). Indeed, the actual named defendant in *DeGenova* was the *Sheriff* of DuPage County, not the sheriff's *department,* and the holding of that case had nothing to do with whether the wrong Defendant had been sued.[3]

And other cases seem to cut the opposite direction of *DeGenova*. Four years after *DeGenova*, the Seventh Circuit held in a § 1983 lawsuit that a county sheriff's department "is **not** a legal entity separable from the county government which is serves and is therefore not subject to suit." ***Whiting v. Marathon County Sheriff's Department*, 382 F.3d 700, 704 (7th Cir. 2004)(emphasis added).** *Accord Wagner v. Washington County*, **493 F.3d 833, 835 (7th Cir. 2007)("[Plaintiff] Wagner actually named the**

---

[3]    Rather, it turned on whether the sheriff acted as an agent of the county or the state when he managed jail operations. *DeGenova* held that Illinois sheriffs act as county officers when managing jails, so the Eleventh Amendment (which bars suits for damages against *states*) did not bar suit against the county sheriff. The Court further noted: "An official capacity suit is the same as a suit against the entity of which the officer is an agent." *Id.,* **209 F.3d at 975, n.1.**

**sheriff's department [as a defendant] instead of the county, but the department is a division of the county and not a justiciable entity.")**[4]  One key fact which may reconcile these statements is that *Whiting* and *Wagner* involved sheriff's departments in the State of Wisconsin, whereas *DeGenova* involved an Illinois sheriff, and the role of sheriffs varies from state to state.

In any event, in the instant case, the only two counts in which Plaintiff named the Sheriff's Department (Counts VII and VIII) fail even if, as Plaintiff suggests, the Department is the proper named Defendant.  Where convenient in this Order, the Court refers to the Wabash County Sheriff's Department and the Unidentified Officers of that Department *collectively* as "the Wabash County Defendants."

The Wabash County Defendants assert entitlement to judgment on the pleadings on four grounds.  The first two grounds relate to the Unidentified Officers of the Sheriff's Department and are directed against Count I of the complaint.  The second two grounds relate to the Sheriff's Department/Sheriff Keeling and are directed against Counts VII and VIII of the complaint.

The four grounds for judgment on the pleadings are:

(1) any claim against any Unidentified Officers of the Wabash County Sheriff's Department is barred by the statute of limitations, which expired March 14, 2011;

---

[4]     Moreover, units of government such as counties are liable under § 1983 only for deprivations of constitutional rights based on official policies, widespread customs, or deliberate acts of decision-makers. S*ee, e.g., Whiting*, **382 F.3d at 704, n.2;** *Hernandez v. Sheahan*, **455 F.3d 772, 774 (7th Cir. 2006);** *Wagner*, **493 F.3d at 835,** *citing Monell v. Department of Soc. Services*, **436 U.S. 658, 694 (1978);** *Estate of Sims v. Bureau County*, **506 F.3d 509, 514 (7th Cir. 2007).** Notably, Elliot's complaint alleges no such official policy, custom, or act.

(2) Elliot's complaint "does not plead or provide any factual support that any sheriff's deputy was deliberately indifferent to an objectively serious medical need" (Doc. 34, p. 2);

(3) there is no *respondeat superior* liability under § 1983, so the Sheriff's Department/Sheriff Keeling is entitled to judgment on Count VII; and

(4) the Sheriff's Department/Sheriff Keeling is entitled to judgment on Plaintiff's indemnification claim in Count VIII because, under Illinois law, a sheriff or municipal entity cannot be held liable for an injury resulting from the acts or omissions of an employee unless the employee himself is liable, and the latter is impossible here in that all claims against any deputies are time-barred.

The first argument has merit. For purposes of this motion, the Court assumes as true the well-pled facts in Elliot's complaint, including the allegations that her arm was hurt by Mt. Carmel Officer Jared Price at the time she was arrested, that she complained to the Mt. Carmel Police Officers about her arm pain at the scene, that she was transported to and detained at the Wabash County Jail, and that while she was at the jail, unknown officers of the Wabash County Sheriff's Department denied her request for medical attention.

Without question, this all occurred on March 14, 2009. Without question, a two-year statute of limitations (borrowed from Illinois law) governs any § 1983 claims. *See Dominguez v. Hendley*, **545 F.3d 585, 587 (7th Cir. 2008),** *cert. denied*, **129 S. Ct. 2381 (2009),** *citing* **735 ILCS 5/13-202,** *Williams v. Lampe*, **399 F.3d 867, 870 (7th Cir. 2005).** Elliot had to (and failed to) bring her § 1983 claims against any deputies or officers of

the Sheriff's Department by March 14, 2011. She only named "Unidentified Officers" of the Department.

Her failure to identify them before the two-year period elapsed cannot be cured by amending the complaint now (which, by the way, she has not asked to do), unless the amended complaint would "relate back" to the filing of Elliot's original complaint under Federal Rule of Civil Procedure 15.

Rule 15(c)(1)(C) delineates when an amended pleading which changes the party (or name of a party) against whom a claim is asserted relates back to the filing date of an original pleading. It allows such relation back only if the claims in the amended pleading arose out of the same conduct or transaction set forth in the original pleading *and*:

> if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Recent caselaw sheds fresh light on how this Rule should be applied. In ***Krupski v. Costa Crociere S.p.A., -- U.S. --, 130 S. Ct. 2485, 2490 (2010),*** the United States Supreme Court altered the process for determining whether amended pleadings relate back under Rule 15. In ***Krupski,*** a cruise ship passenger sought to recover damages for injuries suffered when she tripped on a cable and fractured her femur. She sued and

served Costa Cruise Lines. The answer filed by Costa Cruise Lines (and subsequent pleadings and discovery)revealed that "Costa Crociere S.p.A." was the actual carrier and vessel operator. Late in the litigation, Krupski amended her complaint to add Costa Crociere. Costa Cruise Lines was dismissed on the parties' joint stipulation.

Defense counsel argued that the amendment (which brought Costa Crociere into the suit) did not relate back to the original complaint. The District Court agreed, as did the Eleventh Circuit Court of Appeals. The High Court reversed, holding that relation back under Rule 15(c)(1)(C) depends on what the party sought to be added knew or should have known, *not* on the amending party's knowledge or timeliness in seeking leave to amend. ***Id.*, 130 S. Ct. at 2493.** What the plaintiff knew still may be relevant to the Rule 15(c) analysis, but only if it bears on the *defendant's* understanding of whether the plaintiff made a mistake as to the proper party's identity. ***Id.***

The Supreme Court cautioned that knowledge of a party's existence should not be conflated with the absence of mistake. After defining "mistake" as a misunderstanding of the meaning or implication of something, a wrong action proceeding from faulty judgment, or an erroneous belief, the Court noted: "That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity." ***Krupski,* 130 S. Ct. at 2494.** The Court explained that if a plaintiff knew party A existed but erroneously believed A to have the status of B (or if the plaintiff misunderstood the roles of A and B in the conduct giving rise to her claim) and she sued B instead of A, she would have made a *mistake* concerning the proper party's identity, even though she knew both parties existed. The critical question

would be whether A knew (or should have known) that, absent plaintiff's mistake, the lawsuit would have been brought against him rather than B. *Krupski*, 130 S. Ct. at 2494.

Applying this new approach this year, the Seventh Circuit Court of Appeals reasoned: "A party who is on notice long before the statute of limitations expires that he is an intended defendant, and who suffers no harm from the failure to have been named as a defendant at the outset, is in the same position as a defendant sued within the statute of limitations. The public policy expressed in a statute of limitations is therefore not undermined by relation back in the circumstances specified in the federal rule." *Joseph v. Elan Motorsports Technologies Racing Corp.*, **638 F.3d 555, 558 (7th Cir. 2011).**

The Seventh Circuit further advised in *Joseph* that, following *Krupski,* a district court confronted with a Rule 15(c) relation-back issue must focus on just two inquiries:

> first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

*Joseph*, **638 F.3d at 559-60.**

In the instant case, this Court considers whether the prospective Defendants (the individual sheriff's deputies who heard Elliot complain of arm pain and unreasonably denied her medical attention) knew or should have known during

the Rule 4(m) period that they would have been named if not for an error by Plaintiff, and whether they "received sufficient 'notice of the action' within the Rule 4(m) period that [they] will not be prejudiced in defending the case on the merits." *Krupski*, **130 S. Ct. at 2497, n.5.**

The problem here is that Plaintiff offers (and the Court can discern in the record before it) no indication whatsoever that the sheriff's deputies who might be added via Rule 15(c) amendment in place of the "Unidentified Officers" knew or should have known that "had it not been for a mistake," Kim Elliot would have sued them instead of or in addition to the other named Defendants. We do not even know who these prospective Defendants *are*. Plaintiff's counsel challenges the motion before the Court only by insisting that Defendants' failure to cite *Krupski* in their initial supporting brief dooms their motion. Plaintiff proffers no argument that the actual deputies who might be added to the case knew about the lawsuit, should have known they were the intended defendants, or received enough notice that it would be fair to add them to the case at this eleventh hour.

The discovery deadline has expired, the dispositive motion deadline has elapsed, Plaintiff has never moved for leave to amend the complaint to identify the "Unidentified Officers," Plaintiff has yet to advise the Court who these defendants might be, and trial is three months away.

This Court is fully cognizant that those factors go to the Rule 15(a) decision (whether to grant leave to amend a complaint) <u>not</u> the Rule 15(c) question of relation back. The Court mentions these points only to the extent that the lapse of time

since the events in question and the procedural posture of the case indicate that, *assuming there has been a mistake* by plaintiff, the delay in the plaintiff's discovering her mistake undoubtedly has impaired any new defendant's ability to defend himself. *See Joseph*, **638 F.3d at 560.**

Indeed, looking to the Supreme Court's definitions of a "mistake" as an error, misconception, misunderstanding or erroneous belief, *Krupski*, **130 S. Ct. at 2494,** the undersigned is hard-pressed to find that Plaintiff made a mistake in naming Defendants at all. She knew of their existence and simply failed to ferret out their identity (by discovery or otherwise) and name them within the applicable limitations period.

The Seventh Circuit consistently has held that Rule 15(c) does not allow relation back where the plaintiff just failed to identify the proper party. For instance, in *Hall v. Norfolk Southern Railway Co.,* **469 F.3d 590, 596 (7th Cir. 2006),** the Court emphasized: "we have repeatedly reiterated that relation back on grounds of 'mistake concerning the identity of the proper party' does not apply where the plaintiff simply lacks knowledge of the proper defendant." *See also King v. One Unknown Fed. Corr. Officer*, **201 F.3d 910, 915 (7th Cir. 2000);** *Jackson v. Kotter*, **541 F.3d 688, 699 (7th Cir. 2008).**

And although these cases were pre-*Krupski*, it is far from certain that – as Plaintiff's counsel implies – *Krupski* overturned these cases or rendered meaningless the term "mistake" in Rule 15(c). An unreported Seventh Circuit case from four months

ago bolsters this conclusion. In *Flournoy v. Schomig*, **418 Fed. Appx. 528, 2011 WL 1585834 (7th Cir. April 15, 2011),** the Court of Appeals held that a district court properly denied a request to amend a complaint to identify unnamed prison officials whose names he learned after carrying out discovery. Citing **Hall (supra)** and Illinois' two-year statute of limitations for § 1983 claims (which had elapsed), the Seventh Circuit (well aware of *Krupski)* found that the "untimely amendment would not 'relate back' to the date of his original complaint because Flournoy made no mistake; he simply lacked knowledge of the proper defendants." *Id.,* **2011 WL 1585834, \*4.**

One of the requirements for Rule 15(c) relation-back is that the defendant in question "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." **F**ED. **R.** **C**IV. **P.** **15(c)(1)(C)(ii).** Elliot's failure to identify the "Unidentified Officers of the Wabash County Sheriff's Department" did not constitute this kind of mistake, and this is not a case of misnomer.

Elliot did not, for instance, confuse a Deputy Schmidt with a Deputy Smith, or think that Officer A performed the duties (or worked the March 14, 2009 shift) belonging to Officer B. The record is utterly devoid of any indication that the parties who might be added in place of the "Unidentified Officers" knew or should have known that the lawsuit was intended against them, and there is no way to assess whether the phantom deputies "received such notice of the action that [they] will not be prejudiced in defending on the merit." **F**ED. **R.** **C**IV. **P. 15(c)(1)(C)(i).**

Which brings the Court back to this: Elliot has not moved for leave to amend her complaint to name the Unidentified Officers. The complaint asserts claims against the Unidentified Officers based on actions and omissions on May 14, 2009. Any claim against those officers had to be brought by May 14, 2011 and was not. The statute of limitations defense can be resolved via Rule 12(c) motion, if (as here) the defense is apparent from the face of the pleadings. *See, e.g., Wojitas v. Capital Guardian Trust Co.*, 477 F.3d 924, 925-26 (7th Cir. 2007).

The Seventh Circuit pointed out in *Joseph:*

> A potential defendant who has not been named in a lawsuit
> by the time the statute of limitations has run is entitled to
> repose—unless it is or should be apparent to that person that
> he is the beneficiary of a mere slip of the pen, as it were.

The pleadings reveal no "mere slip of the pen" and no party who (before the limitations period expired) already was on notice that he was the intended defendant and thus would suffer no harm from not being named at the outset. The Court GRANTS the motion for judgment on the pleadings as to all claims against the Unidentified Officers of the Wabash County Sheriff's Department. Accordingly, the Court need not reach the second argument for judgment on the pleadings in favor of the Unidentified Officers – that "plaintiff's pleading does not plead or provide any factual support that any sheriff's deputy was deliberately indifferent to an objectively serious medical need" (Doc. 34, p. 2).

Count I was a § 1983 excessive force claim directed against both the Unidentified Officers of the Wabash County Sheriff's Department *and* the Mt. Carmel

Defendants. (The Sheriff's Department was not named in Count I.) Count I remains as to the Mt. Carmel Defendants only. And the Court next tackles whether judgment on the pleadings is appropriate as to Count VII, which is directed only against "the Wabash County Illinois Sheriff's Department" (Doc. 2-2, p. 12).

Count VII rests on a theory that the Sheriff's Department "is liable for the conduct of its agents," that one or more of Plaintiff's injuries resulted from the acts of the Unidentified Officers acting in the course of their employment with the Sheriff's Department, and that the Department is liable to Plaintiff under a theory of *respondeat superior* on the § 1983 excessive force claim against the Unidentified Officers (Doc. 2-2, p. 12).

The complaint does not expressly *say* so, but it clearly indicates that the Wabash County Defendants were sued in their official capacities. Seventh Circuit law instructs that the liability of a county sheriff's department and of a county itself derives from the *sheriff's* official-capacity liability, and official-capacity liability is subject to the holding in **Monell v. Department of Soc. Services, 436 U.S. 658, 695 (1978),** that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." **Estate of Sims v. Bureau County, 506 F.3d 509, 514 (7th Cir. 2007).**

In **Sims,** the Court summarized what is needed to state a § 1983 claim against a municipality and reminded litigants that units of local government are not responsible under § 1983 for the injuries inflicted by their employees or agents.

> In order to state a § 1983 claim against a municipality, the
> complaint must allege that an official policy or custom not
> only caused the constitutional violation, but was the

"moving force" behind it…. Unless there is an unconstitutional policy, there cannot be official-capacity liability…. The "official policy" requirement for liability under § 1983 is to "distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible….

**"Misbehaving employees are responsible for their own conduct;** 'units of local government are responsible only for their policies rather than misconduct by their workers.'"

*Id.,* **506 F.3d at 514-15 (emph. added),** *quoting Lewis v. City of Chicago,* **496 F.3d 645, 656 (7th Cir. 2007), and** *Fairley v. Fermaint,* **482 F.3d 897, 904 (7th Cir. 2007).**

Five months ago, the Seventh Circuit reiterated: "the Supreme Court has held that municipalities are not liable for the torts of their employees under the strict-liability doctrine of respondeat superior, as private employers are…. A person who wants to impose liability on a municipality for a constitutional tort must show that the tort was committed (that is, authorized or directed) at the policymaking level of government – by the city council, for example, rather than by the police officer who made an illegal arrest." *Vodak v. City of Chicago,* **639 F.3d 738, 747 (7th Cir. 2011).**

Stated another way, liability for such unauthorized conduct "is personal," and to hold the local governmental unit responsible, "the agent's action must implement rather than frustrate the government's policy." *Id., quoting Auriemma v. Rice,* **957 F.2d 397, 400 (7th Cir. 1992). Accord Walker v. Sheahan, 526 F.3d 973, 977 (7th Cir. 2008)("A governmental unit it not liable under § 1983 unless the deprivation of constitutional rights is caused by its own policy or custom.").**

Count VII of Elliot's complaint seeks to hold the Wabash County Sheriff's Department responsible *on a theory of respondeat superior* for the constitutional torts allegedly committed by sheriff's deputies acting in the scope of their employment. "It is well established that there is no respondeat superior liability under § 1983." **Gayton v. McCoy, 593 F.3d 610, 622 (7th Cir. 2010).** ***Accord Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)(Section 1983 liability is premised on personal responsibility, and officials cannot be held liable under § 1983 merely because their subordinates violated a plaintiff's constitutional rights).**

Elliot does not allege that Sheriff Keeling directly participated in the lack of attention to Elliot's medical needs. The complaint nowhere alleges a direct causal link between an official policy or custom of the Wabash County Sheriff's Department and the constitutional violations against Kim Elliot. *Sims*, **506 F.3d at 515.** The complaint is devoid of any allegations that an express policy caused this constitutional deprivation, that there exists a widespread practice so permanent it constitutes a custom or practice *of the Department or County*, or that the constitutional injury was actually caused by a person with final policymaking authority (*i.e.,* the Sheriff himself). *Id., citing Lewis*, **496 F.3d at 656.** *See also Gayton*, **593 F.3d at 622**, *citing Latuszkin v. City of Chicago*, **250 F.3d 502, 504 (7th Cir. 2001).**

To summarize, any liability against the Sheriff's Department (or against Wabash County) is derivative of Sheriff Keeling's official-capacity liability; the official-capacity liability is constrained by the parameters of ***Monell; Monell*** does not permit *respondeat superior* liability against municipal entities; and Elliot's complaint does not

allege any basis on which to hold the Sheriff or Sheriff's Department liable for the unauthorized actions of the sheriff's deputies. The motion for judgment on the pleadings will be GRANTED as to Count VII.

Count VIII of Elliot's complaint seeks to hold the Wabash County Sheriff's Department liable for the acts of the Unidentified Officers of the Department performed in the course of their employment under 735 ILCS 10/9-102 (which the undersigned Judge construes to mean **745** ILCS 10/9-102). Section 10/9-102 is part of the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("the Act"). Section 10/9-102 of the Act requires a local public entity to pay a tort judgment for which a public employee, acting in the scope of his employment, is liable.

Sheriff Keeling acknowledges that § 10/9-102 requires a municipal entity to pay any tort judgment for compensatory damages against an employee acting within the scope of his employment. But he seeks judgment on this claim under *another* section of the Act -- § 10/2-109 -- which absolves local governmental entities from liability under certain circumstances: "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."

Relying on this provision, the Sheriff contends that he cannot be held responsible "to indemnify an employee where the employee himself cannot be liable to the plaintiff" (Doc. 34, p. 2). *See, e.g., Goldberg v. Brooks,* **948 N.E.2d 1108, 1116 (Ill. App. 2011)("If Brooks and Bradley are not liable, District 65 cannot be liable. 745 ILCS 10/2-109 (West 2006).");** *Ries v. City of Chicago*, **-- N.E.2d --, 2011 WL 681614, \*3 (Ill. Feb. 25, 2011)("The appellate court ... held that the City was immune for all**

claims involving Officer Oliva....  The City had been sued on a *respondeat superior* theory.  Thus, once the circuit court directed a verdict for Officer Oliva, the City could not be held liable for Oliva's conduct.").

In the case *sub judice,* Sheriff Keeling maintains that since no employee of the sheriff's department can be found liable here (because Plaintiff failed to sue any employee prior to the expiration of the statute of limitations), Sheriff Keeling himself is "immune from suit" (Doc. 34, p. 7). This plain-language based argument has commonsense appeal.  Furthermore, in his responsive memorandum (Doc. 36), Plaintiff's counsel (who addressed the other three arguments for Rule 12(c) judgment) chose not to address this portion of Defendants' motion.  He also never sought additional time to do so.

Local Rule 7.1(c) of this District Court provides that failure to timely respond to a motion for judgment on the pleadings may, in the Court's discretion, be considered an admission of the merits of the motion.  Exercising its discretion to apply Local Rule 7.1(c) as to the part of the motion directed at Count VIII, the Court GRANTS the motion for judgment on the pleadings as to Count VIII.

The undersigned Judge CLARIFIES that Sheriff Keeling enjoys § 10/2-109 immunity only as to the claims on which the Court found in favor of the employees in question, i.e., the § 1983 claims against the Unidentified Officers of the Wabash County Sheriff's Department, which this Court found time-barred.  Defense counsel's reply brief recognizes that Rule 12(c) judgment on Count VIII is limited to the § 1983 claims:

"A valid § 1983 claim against an employee is clearly a requirement for indemnification" (Doc. 39, p. 2).

D.    Conclusion

Viewing the facts in the complaint in the light most favorable to Plaintiff Elliot, the Court concludes that the complaint does not "narrate a plausible claim for relief" against any of the Wabash County Defendants. *Morrison v. YTB International, Inc.*, -- F.3d --, 2011 WL 3132398, *5 (7th Cir. July 27, 2011). The Court **GRANTS** the Wabash County Defendants' Rule 12(c) motion (Doc. 33) as to Counts VII and VIII (which are totally gone) and Count I (which remains only as to the Mt. Carmel Defendants).  Judgment on the pleadings will be entered in favor of Defendants Wabash County Illinois Sheriff's Department and the Unidentified Officers of the Wabash County Sheriff's Department, at the conclusion of the case.

Remaining in the action at this time are the claims of Plaintiff (Kim Elliot) against the Mt. Carmel Defendants.  These claims are based on both Illinois law (Counts II, III, and IV, alleging battery, assault, and intentional infliction of emotional distress) and federal law (Counts I and V, alleging § 1983 claims for violation of federally-secured constitutional rights).

The Clerk's Office shall update the docket sheet to reflect that the Defendants remaining herein are:  (1) Jared Price, (2) Brian Siefferman, (3) Erin Roe, and (4) the City of Mt. Carmel, Illinois.  Those Defendants have moved for summary judgment under Federal Rule of Civil Procedure 56 (Doc. 37), with briefs permitted through September 12, 2011 (see Doc. 38).

Any claims which survive following resolution of that motion will proceed to trial November 28, 2011, with a final pretrial conference before the undersigned Judge on November 4, 2011.

IT IS SO ORDERED.

DATED August 5, 2011.

s/ **_Michael J. Reagan_**
Michael J. Reagan
United States District Judge